Rosita L. CUA, Appellant
(Plaintiff Below),

v.

Paul W. MORRISON, Stephen M. Paterson, and State Farm Mutual Automobile Insurance Company, Appellees (Defendants Below).

No. 29S05–9406–CV–585.

Supreme Court of Indiana.

June 28, 1994.

C. Dennis Wegner, Jeffrey K. Orr, C. Dennis Wegner & Associates, P.C., Indianapolis, for appellant.

Lloyd H. Milliken, Jr., Todd J. Kaiser, Kevin C. Schiferl, Locke Reynolds Boyd & Weisell, Indianapolis, for appellee.

Robert F. Gonderman, Jr., amicus counsel for Ind. Trial Lawyers Ass'n, Gonderman Law Offices, P.C., South Bend, for amicus curiae.

ON PETITION TO TRANSFER

DICKSON, Justice.

In this joint interlocutory appeal in a personal injury tort case, the trial court certified the following issue:

> Whether the Trial Court abused its discretion in entering an Order requiring plaintiff to sign a release allowing defense counsel to engage in ex-parte communication with plaintiff's medical care providers.

■ Noting this to be an issue of first impression in Indiana and that the other jurisdictions are sharply divided upon the matter, the Court of Appeals held that the trial judge abused her discretion because this method of discovery poses a substantial threat that privileged information would be disclosed and because such information is not required for fair and efficient trial preparation. *Cua v. Morrison* (1993), Ind.App., 626 N.E.2d 581. The appellee-defendants, Paul W. Morrison, Stephen M. Paterson, and State Farm Mutual Automobile Insurance Company, seek transfer, alleging that the Court of Appeals has erroneously decided a new question of law.

We agree that this is a new question of law in this State, but find the decision of the Court of Appeals in all respects to be correct.

Pursuant to Indiana Appellate Rule 11(B)(3), this Court now expressly adopts and incorporates by reference the opinion of the Court of Appeals.

 

Transfer is granted. The ruling of the trial court is reversed and the cause remanded with instructions to vacate the order.

DeBRULER, GIVAN and SULLIVAN, JJ., concur.

SHEPARD, C.J., concurs in result with separate opinion.

SHEPARD, Chief Justice, concurring in result.

Discovery orders such as the one at issue in this appeal present important questions about trial practice and tactics, physician-patient relationships, the cost of litigation, and a variety of other concerns. The weightiness of these competing interests has produced divided authority in the courts of other states, and the importance which Indiana lawyers attach to the matter is reflected in the widespread interest in this appeal, including the advice of *amicus curiae*. The complexity and importance of the matter suggest to me that it warrants more than the seven sentences the Court uses by way of incorporating the opinion of our intermediate court colleagues. Still, because the facts suggest to me that the Court of Appeals reached a proper disposition in this particular case, I join in the result.