**Jason M. SHOTS, Plaintiff,**

v.

**CSX TRANSPORTATION, INC., Defendant.**

**No. TH 91–125–C R/H.**

United States District Court,
S.D. Indiana,
Terre Haute Division.

Feb. 17, 1995.

David V. Scott, New Albany, IN, Henry J. Price, Price & Barker, Indianapolis, IN, for Jason M. Shots.

Victor L. Frost, II, Frost & Hugon, Indianapolis, IN, for CSX Transp., Inc.

Peter J. Sacopulos, Sacopulos Johnson Carter & Sacopulos, Terre Haute, IN, for CNA Ins. Co.

## ORDER ON DEFENDANT'S MOTION TO COMPEL

HUSSMANN, United States Magistrate Judge.

This matter is before the Court on Defendant's Motion to Compel Plaintiff to Execute Medical Authorization filed by CSX Transportation, Inc., on January 31, 1994. The plaintiff, Jason M. Shots, filed responses on February 3 and 9, 1995. Defendant CSX filed a reply brief on February 14, 1994.

The Court, being duly advised, GRANTS the motion to compel the execution of the medical authorization.

This personal injury action is brought under this Court's diversity jurisdiction and, therefore, the privilege of a person is determined in accordance with state law. *See* Fed.R.Evid. 501. Under that rule of evidence, the existence of the physician-patient privilege is governed by state law. However, the issue before the Court in this motion to compel is not whether the privilege exists, but is rather whether the defendant can conduct discovery by way of an *ex parte* communication with the plaintiff's treating physician.

Plaintiff argues that defendant should not be able to conduct *ex parte* conferences with his treating physicians because Indiana law established in *Cua v. Morrison*, 626 N.E.2d 581 (Ind.App.1993), *affirmed*, 636 N.E.2d 1248 (Ind.1994), prohibits such communications in cases brought in Indiana state courts.

■ However, it is important to note the basis of the holding in *Cua*. *Cua* did not change the parameters of Indiana physician-patient privilege itself. It did not establish that the Indiana physician-patient *privilege* now prohibits attorney-physician *ex parte* communications. ("We note at the outset that this appeal is not about what information Patterson may discover, rather it is about how Patterson may discovery it." *Cua, supra* at 583.) Rather, *Cua* held that it was an abuse of discretion for an Indiana trial judge to allow *discovery to be conducted by ex parte* communications between a physician and an attorney. The *Cua* opinion was concerned with "the supervision of what is discoverable" and whether such communications were "necessary for fair trial preparation." *Cua, supra* at 584. The Magistrate Judge concludes that *Cua* governs Indiana discovery procedure, but does not change the essential elements of the physician-patient privilege.

■ The Magistrate Judge also concludes that the issue of how discovery may be conducted is one of federal procedure. In *Hanna v. Plumer*, 380 U.S. 460, 472–74, 85 S.Ct. 1136, 1145, 14 L.Ed.2d 8 (1965), the United States Supreme Court addressed the distinction between when an issue is one of substance governed by state law, and when an issue is one of procedure. The *Hanna* Court analyzed cases flowing from *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and concluded that Congress did have the power to prescribe "housekeeping" rules for federal courts even though some of those rules will inevitably differ from comparable state rules. *Hanna, supra* 380 U.S. at 473, 85 S.Ct. at 1145. The *Hanna* Court further recognized that when a plaintiff is seeking to enforce a right conferred upon him by state law in federal court, "the forms and mode of enforcing the right may at times, naturally vary because the two judicial systems are not identic." *Hanna, supra* at 473, 85 S.Ct. at 1145. Therefore, if there is a Federal Rule of Civil Procedure which governs this issue, federal procedure may be employed even though the federal rule differs from Indiana's state rule. *Patel v. Gayes*, 984 F.2d 214 at n. 1 (7th Cir.1993).

■ Our review of the Federal Rules of Civil Procedure does not disclose any rule which specifically addresses the issue of *ex parte* communications in the discovery process. Under the federal rules, district court judges are given wide discretion to supervise the discovery process, and their decisions are subject to review only for abuse of discretion. *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir.1985).

■ In this particular case, the plaintiff has clearly put his medical condition at issue in the lawsuit. He has not indicated in his brief that he has any medical condition which is not related to his accident, or any condition

that is "potentially embarrassing or ruinous" which would counsel for more rigorous protection of the privilege. We believe that the Federal Rules of Civil Procedure leave to the district court the discretion whether to allow *ex parte* conferences. Where the plaintiff does not suggest that any other medical condition exists which merits protection from disclosure, the policy considerations which protect the physician-patient relationship can safely be subverted to those policy considerations which expedite the discovery process. We encourage counsel for the parties to arrange informal conferences with the physicians in lieu of depositions when possible to reduce expenses in this case, and we likewise encourage counsel to offer to opposing counsel the opportunity to be present when informal communications take place. But we stop short of mandating that plaintiff's counsel be present on each occasion in this case. This opinion does not foreclose the possibility that an order prohibiting *ex parte* conversations could be issued in other cases in which a plaintiff objects to release of medical information because there is medical information in the possession of a particular physician which is both causally and historically unrelated to the condition at issue in the lawsuit and is potentially embarrassing or ruinous.

We therefore **GRANT** the defendant's motion to compel in this case and **ORDER** the plaintiff to execute the Medical Authorization For Release of Information in the form attached to the defendant's motion to compel as "Exhibit A."

**SO ORDERED.**